IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **THOMAS GORDON BROWN,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:06-CV-573-Y |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Thomas Gordon Brown, TDCJ # 1212870, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Colorado City, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On December 2, 2003, Brown entered an open plea of guilty to aggravated sexual assault of a child in case no. 12,419 in the 271st Judicial District Court of Wise County, Texas, and was

sentenced to thirty years' confinement. (State Habeas R. at 67-68.) Brown did not directly appeal his conviction or sentence. (Petition at 3.) On January 13, 2006, Brown filed an application for writ of habeas corpus in state court, raising the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on May 24, 2006. (*Id.* at cover, 71.) Brown filed this federal petition for writ of habeas corpus on June 12, 2006. As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Brown has replied.

D.  ISSUES

Brown raises two grounds for relief in which he claims he received ineffective assistance of trial counsel, resulting in the denial of his constitutional right to direct appeal. (Petition at 7 & Pet'r Memorandum in Support 8-10.)

E.  STATUTE OF LIMITATIONS

Quarterman argues that Brown's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 3-5.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was

2

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Brown had for filing a timely notice of appeal on January 2, 2004, and closed one year later on January 2, 2005, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Brown's state habeas application, filed on January 13, 2006, over a year after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Brown alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*,

---

[1] Brown argues that subsection (D) applies because he did not become aware of his right to appeal until he filed his state habeas application on January 13, 2006. (Pet'r Reply at 3.) Thus, according to Brown, the limitations period ran from January 13, 2006 through January 13, 2007. Under subsection (D), the time begins to run when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the facts' legal significance. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). With due diligence, Brown could have discovered his right to appeal and the time period within which to file a timely notice of appeal at the latest by January 1, 2004, the time when pursuing a direct appeal expired.

3

177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify equitable tolling. *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Brown's federal petition filed on August 12, 2006, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Brown's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 10, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 10, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 20, 2006.

/s/ Charles Bleil
_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE