IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THOMAS GORDON BROWN, § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO.4:06-CV-573-Y |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, T.D.C.J. § | |
| Correctional Institutions Div., § | |
| Respondent. § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Thomas Gordon Brown under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 20, 2006; and

3. The Petitioner's written objections to the proposed findings, conclusions and recommendation of the United States magistrate judge filed on November 8, 2006.

The Court, after de novo review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth here.

Brown again argues in his written objections that the applicable limitations period is when the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under 28 U.S.C. § 2244(d)(1)(D), based upon his allegation that counsel failed to file a notice of appeal or inform of his right to appeal. Although the Court agrees with the recommendation that the limitations period governing this case

is under 28 U.S.C. § 2244(d)(1)(A), as noted by the magistrate judge, even if § 2244(d)(1)(D) were applicable, it requires the claimant to show the date he could have discovered the claim "based upon due diligence."  The time to file a direct appeal expired on January 2, 2004.  Brown claims that he did not discover his right to appeal and the failure of counsel to appeal until January 13, 2006, over *two years later*.  Brown has not presented any facts, either in his memorandum, his reply brief, or in the written objections, however, that would demonstrate the exercise of due diligence by him.  His objections are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Thomas Gordon Brown's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED November 13, 2006.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE